**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BYRON L. WALLACE,
ADC #107098                                                                                       PLAINTIFF

V.                                        5:13CV00068 JLH/JTR

CHARLES WALKER,
Correctional Officer,
Cummins Unit, ADC, et al.                                                              DEFENDANTS

**ORDER**

Plaintiff, Byron L. Wallace, has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights in connection with a November 28, 2012 fight he had with his cell mate, Timothy Davis.[1] Plaintiff has filed a Motion to Compel Defendants to further respond to his November 6, 2013 Requests for Production of Documents. *Doc. 50.* Defendants have filed a Response. *Doc. 51.* Each discovery dispute will be addressed separately.

---

[1] Specifically, Plaintiff alleges that Defendants: (1) failed to promptly stop the attack and prevent Davis from stabbing Plaintiff with a shank; (2) used excessive force by spraying him with pepper spray; (3) violated his equal protection rights by spraying him, but not Davis, with pepper spray; and (4) subjected him to cruel and unusual punishment by preventing him from showering to remove the pepper spray from his body.

## I. Discussion

**A.     Request for Production 1**

Plaintiff asked Defendants to produce copies of his medical records regarding the injuries he received in the November 28, 2012 fight. *Doc. 51, Ex.1.* Defendants correctly objected to that request because legitimate security concerns prevent inmates from possessing such documents while in prison. Instead, Defendants have agreed to allow Plaintiff to review his medical records and take notes.

If Defendants later file a Motion for Summary Judgment, Plaintiff can ask them for copies of his *relevant* medical records that have not been attached to Defendants' Motion. If Defendants do not provide such copies, Plaintiff should promptly refile his Motion to Compel to obtain copies of those documents.

Finally, if this case proceeds to trial, the Court will order Defendants to bring Plaintiff's *complete medical file* to Court so that he will have access to all of those documents.

In Request for Production 1, Plaintiff also asked Defendants to produce a copy of the ADC Administrative Regulation regarding the use of chemical agents. *Doc. 51, Ex. 1.* Defendants informed Plaintiff that the relevant policy was Administrative Regulation 410, and that he could obtain a copy from the prison law library. *Id.* Plaintiff does not allege that he was unable to obtain a copy of the regulation or that

it was unresponsive to his discovery request. Accordingly, the Motion to Compel is denied as to Request for Production 1.

**B.     Request for Production 2**

Plaintiff asked Defendants to produce any surveillance videos of the November 28, 2012 incident. Defendants explain that they have a copy of the surveillance video. *Doc. 51*. However, legitimate security concerns prevent Plaintiff from possessing a copy while he is in prison. Instead, Defendants agreed to allow Plaintiff to review the video prior to trial, and to preserve the recording for use at trial. The Court finds Defendants response appropriate, with two caveats. First, if Defendants file a Motion for Summary Judgment, they must allow Plaintiff to review the video at least two weeks before his Response to that motion is due. Second, Defendants must file, **within fourteen days of the date of this Order**, a **sealed** copy of that video so that the Court can insure that it will be available for use at trial.

In Request for Production 2, Plaintiff also asked Defendants to produce the shank Davis used during the November 28, 2012 fight. *Doc. 51, Ex. 1*. Defendants state that they "believe" the shank has been destroyed. *Doc. 51* at 5. Within **fourteen days,** Defendants must file a Supplemental Response that: (1) definitively states whether, in fact, the shank has been destroyed, and if so, the date of its destruction; and (2) explains why the shank was destroyed; who destroyed it; and whether it was

destroyed pursuant to an ADC policy and if so, identify the policy. If the shank has not been destroyed, Defendants *must insure* that it will be preserved for trial.

Defendants admit that they have a photograph of the shank, which is being preserved for use at trial. The Court agrees that legitimate security concerns prevent Plaintiff from possessing a copy of that photograph or seeing it while he is in prison. However, if this case proceeds to trial, Defendants must provide Plaintiff and his attorney with a copy of that photograph.

**C.    Davis's Medical Records and AR-005 Incident Reports.**

In his Motion to Compel, Plaintiff asks the Court to require Defendants to produce medical records of the injuries Davis sustained during the November 28, 2012 fight and any AR-005 Incident Reports prepared about the incident. Plaintiff's Motion to Compel is premature because he has not previously sought those materials from Defendants. *Doc. 51.* Before filing a Motion to Compel, Plaintiff must mail Defendants' attorney discovery requests seeking those specific materials, and give them thirty days to mail him their responses and/or objections.

It is likely that legitimate security concerns will prevent Plaintiff from possessing or reviewing Davis's medical records. Thus, Plaintiff should consider sending Defendants an Interrogatory asking for a detailed description of all of the injuries Davis suffered during the November 28, 2012 incident. Only *after* Plaintiff

has received a Response to his written discovery will he be in a position to file a Motion to Compel, if he deems that Response to be inadequate or otherwise defective.

## II.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel (Doc. 50) is GRANTED IN PART.

2. Defendants must, on or before **January 21, 2014,** file a Supplemental Response and the sealed exhibits mentioned in this Order.

3. The discovery deadline is extended until **February 21, 2014**, and the dispositive motion deadline is extended until **March 21, 2014.**

Dated this 8th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE