# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BYRON L. WALLACE
ADC #107098                                                                                       PLAINTIFF

V.                                      5:13CV00068 JLH/JTR

CHARLES WALKER, Correctional Officer; and
COREY RAYNER, Sergeant,
Cummins Unit, Arkansas Department of Correction                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The following Proposed Findings and Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Holmes can adopt this Recommendation without

-1-

independently reviewing all of the evidence in the record. By not objecting, you also may waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Byron L. Wallace ("Wallace"), has filed this *pro se* § 1983 action alleging that Defendants Sergeant Corey Rayner and Correctional Officer Charles Walker violated his constitutional rights when they failed to properly intervene to stop a fight between Wallace and his cell mate.[1] *Doc. 2*. Defendants have moved for Summary Judgment.[2] *Docs. 88, 89, & 90.* Plaintiff has filed a Response. *Docs. 100, 101, & 102.* Thus, the issues are joined and ready for disposition.

---

[1] The Court has previously dismissed all other claims raised by Wallace. *Docs. 9 & 38.*

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

## II.  Facts

On November 28, 2012, Defendants Rayner and Walker heard Wallace and Timothy Davis fighting in their two-man cell in the isolation area of the Cummins Unit. *Docs. 90, Exs. C, D, E, & F.*  Upon arriving at the cell door, Defendant Rayner issued several orders directing the inmates to stop fighting and, eventually, both complied. Defendant Rayner ordered Wallace to approach the cell door to be handcuffed and Davis, who was sitting on his bed, to stand against the wall.  Davis did not comply, and instead, began searching around his bed for a lost item.

As Wallace approached the cell door, Davis pulled a knife from the waistband of his boxer shorts and attacked Wallace. The fight resumed. Defendant Raynor immediately called for emergency back-up assistance and tried to stop the fight by spraying a burst of pepper spray into the cell. When additional correctional officers arrived, a non-party officer and Defendant Rayner again sprayed pepper spray into the cell in an effort to stop the fight.  At that point, Wallace pushed Davis against the cell bars. Correctional officers grabbed Davis's arm through the cell bars and ordered him to drop the knife.  Davis complied, and the fight ended.  Both inmates were handcuffed, removed from the cell, and taken to the infirmary for medical treatment. While in the infirmary, Wallace received stitches for three knife wounds.

## II. Analysis

Defendants argue that they are entitled to qualified immunity on Wallace's claim that they failed to properly intervene to stop the fight before Davis injured him.[3] To prevail on that failure to protect claim, Wallace must prove that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, Defendants were deliberately indifferent to that substantial risk of serious harm.[4] *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007).

The parties *agree* that Defendants Rayner and Walker were aware of the fight between Wallace and Davis, and that there was a substantial risk of harm if the fight was not promptly stopped. Thus, the relevant inquiry is whether Defendants were deliberately indifferent in their efforts to stop the fight.

---

[3] As governmental officials, Defendants are entitled to qualified immunity from monetary damages unless: (1) the supported facts, viewed in the light most favorable to Plaintiff, show that they violated a constitutional right; and (2) that constitutional right was clearly established at the time of the alleged violation. *See Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2084 (2011)*; Livers v. Schneck*, 700 F.3d 340, 350 (8th Cir. 2012). The first step of the qualified immunity analysis is the same as the analysis for a judgment as a matter of law under Fed. R. Civ. 56; *i.e.,* whether the supported facts viewed in the light most favorable to the plaintiff amount to a constitutional violation. Only if the answer to that question is yes, must a court proceed to the second step (which is the heart of the qualified immunity analysis) and determine whether that right was clearly established when the constitutional violation allegedly occurred. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 574 (8th Cir. 2009); *Ambrose v. Young*, 474 F.3d 1070, 1077 n.3 (8th Cir. 2007).

[4] Wallace does *not* allege that Defendants Rayner and Walker failed to *prevent* the fight, which he concedes was a surprise attack. *Doc. 90, Ex. D.* Instead, he claims that they failed to protect him from harm by not promptly *stopping* the fight.

Here, the record plainly indicates that neither Defendant Rayner nor Defendant Walker acted with deliberate indifference. To the contrary, Defendants Walker and Rayner initially succeeded in stopping the fight between Wallace and Davis. When Davis brandished a weapon, Defendant Rayner deployed pepper spray into the cell and radioed for assistance from other correctional officers. After backup assistance arrived, Defendants successfully ended the fight by using pepper spray and taking the weapon from Wallace. Thus, the *undisputed evidence* demonstrates that Defendants acted promptly and properly to stop the fight and prevent Wallace from being further harmed.

Wallace believes that Defendants should have known that Davis was attempting to retrieve a knife from his bed and prevented him from doing so. However, Wallace admitted during his deposition that the incident occurred very quickly and that Davis's knife attack was a surprise. *Doc. 90, Ex. D at 55-58; see Schoelch v. Mitchell,* 625 F.3d 1041, 1048 (8th Cir. 2010) (finding no deliberate indifference where a prisoner was the victim of a "surprise attack" by another inmate). Further, a prison official's failure to alleviate a risk that he should have perceived, but did not, is insufficient to sustain a failure to protect claim. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994); *see also Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (explaining that negligence, and even gross negligence, are insufficient to establish a failure to protect

claim).

Wallace also argues that, instead of using pepper spray, Defendants should have stopped the fight by either entering the cell to remove the weapon from Davis, or opening the cell door to allow him to flee from Davis. The Eighth Circuit has specifically held that "prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm." *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995); *Arnold v. Jones*, 891 F.2d 1370, 1373 (8th Cir. 1989). Clearly, entering the small isolation cell where two inmates were fighting with a knife would have placed Defendants in grave danger. Likewise, opening the cell door would have been a terrible mistake as it might have allowed Davis, who was an armed inmate, to escape from the cell and possibly harm guards and other prisoners.

Thus, viewing the facts in the light most favorable to Wallace, there is no evidence that Defendants acted with deliberate indifference when they responded to and stopped the fight between Wallace and Davis. Accordingly, the Motion for Summary Judgment should be granted summary judgment and the failure to protect claims raised against Defendants dismissed with prejudice.[5]

---

[5] Defendants concede that, because there is no evidence of a constitutional violation, there is no need to consider the second prong of the qualified immunity analysis. *Doc. 89 at 7*.

## III. Conclusion

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment *(Doc. 88)* be GRANTED.

2. Wallace's failure to protect claims against Defendants Rayner and Walker be DISMISSED, WITH PREJUDICE.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 16th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE